ERNEST TREUTH vs. STATE OF MARYLAND.

*Baltimore City: boundaries; jurisdiction; floating piers on the Patapsco, attached to shore by ropes.*

The boundaries of municipalities bordering on navigable waters may be extended for the purpose of jurisdiction, by the building of wharves, piers or structures filled in with earth and extending into the water, or the jurisdiction of a municipality may be extended by natural accretion or gain of soil by alluvion, or the filling out from the shore and reclaiming the land from the inundation of the water.                    p. 262

But in such a case the improvements or structures must be of a fixed character, extending from out of the soil and water and in the nature of a permanent structure.                    p. 262

Floating piers or vessels fastened to docks or wharves by ropes and loose boards do not extend the limits or lines of jurisdiction of municipalities.                    p. 263

No license from Baltimore City is necessary for the sale of liquor from a pavilion, floating beyond the jurisdiction of the city, upon the Patapsco River, and attached to the shore only, by ropes and movable planks.                    pp. 263-264

*Decided April 8th, 1913.*

Appeal from the Criminal Court of Baltimore City (GOR-TER, J.), where the appellant, convicted of selling liquor without a license, and fined five dollars and costs, took this appeal.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George W. Lindsay* and *Richard B. Tippett,* for the appellant.

*Edgar Allan Poe, Attorney-General,* and *Roland R. Marchant* (with whom was *Wm. F. Broening* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The traverser was indicted, for the sale of intoxicating liquors, in the City of Baltimore, without a license.

The indictment contains thirteen counts and charges that a sale was made to the persons named in the several counts of the indictment, on the 21st day of July, 1912. He was tried and convicted and fined five dollars and costs.

At the trial, the traverser filed two special pleas to the jurisdiction of the Criminal Court of Baltimore City, alleging, in substance, that the traverser's place of business, where the sales are alleged to have occurred, is located in Baltimore County, in the State of Maryland, and not in the corporate limits of Baltimore City. That he is a duly authorized licensee to sell liquors, by the proper authorities of Baltimore County; and that the Criminal Court of Baltimore City has no jurisdiction over the alleged offenses.

The State demurred to the pleas, and the Court sustained the demurrer. The traverser was then tried before the Court, adjudged guilty and sentenced to pay a fine of $5 and costs, and from this judgment he has appealed.

By an agreement filed in the case, all errors of pleading
are waived. The single question presented by the demurrer
to the special pleas on the record, now before us, is one en-
tirely of jurisdiction, and that is, whether the pier or pavilion
described in the pleas, the place where the liquor is alleged
to have been sold, is within the limits of Baltimore City, for
the purposes of requiring persons who sell liquor therein to
obtain a license from Baltimore City, and not in Baltimore
county.

The facts upon which the determination of the question
rest, are set out in the special pleas, and for the purposes of
the case, are admitted by the demurrer. The pleas in sub-
stance are as follows: first, that the Court is without jurisdic-
tion because, the alleged offenses contained in the indictment
were not committed in the City of Baltimore; that at the
time mentioned in the indictment and a long time prior
thereto, the traverser, was a duly authorized licensee to sell
retail liquor in Baltimore county and that the place where
said liquor is said to have been sold, is as follows: at a pavil-
ion built on wooden piles in the main branch of the Patapsco
River, the piles being driven in the soil, the whole structure
having a length of wharf or pier front and wholly located in
the navigable waters of the river, of about 100 feet, with a
width of about 50 feet; which pavilion is situated at or near
the center of the entire structure, and which entire structure
is located in Baltimore county about 60 feet easterly or south
of easterly from the boundary line of Baltimore City, as
defined by Act of Assembly of Maryland of 1816, Chapter
209, which Act defines the limits of Baltimore City, and be-
tween the boundary line and the middle of the stream. That
on the day mentioned in the indictment access to the pavilion
was had in two ways, as follows: By a movable float fastened
by a rope at one end to the pier on which the pavilion is built
and at the other end of a rope to a bulkhead built on the
shore, within the corporate limits of Baltimore City; that the
float is not attached to the soil but is a movable boat or raft
and is moved from time to time, affording no connection

whatever when so moved between the corporate limits of Baltimore City and the pavilion, but is supported by and floated by the water in which it is located, to wit, the main branch of the Patapsco River. And said pavilion is also accessible by yachts, steam and motor boats plying in the waters of the main branch of the Patapsco River along its water or pier front. And this defendant says that the Circuit Court of Baltimore County has exclusive jurisdiction over said alleged offenses mentioned in said indictment, and that the Criminal Court of Baltimore City has no jurisdiction whatever over said alleged offenses.

And for a second plea to the jurisdiction, after reciting in substance the first plea, further says: the place being a pavilion situated in the main branch of the Patapsco River in the corporate limits of Baltimore county and in the navigable waters of the main branch of the Patapsco River, and is built upon piles driven in the soil, and is a permanent structure connected with the soil and has been located in its present position for at least twenty-five years; and that this defendant at the time he became the licensee of the pavilion at which he was duly authorized to sell intoxicating liquors by the proper constituted authorities of Baltimore county, had no access whatever with the shore line of Baltimore City, but sometime after obtaining his license in May, 1911, from the proper authorities of Baltimore county, to sell intoxicating liquors at the pavilion, secured the services of two floats so as to form a means of access from the pavilion to the Baltimore City line, the floats being tied the one to the pavilion pier and the other to a stake on the shore, and each floating upon the surface of the water and access from one to the other being by loose boards. That thereafter this defendant used one float and at the time of the alleged offense contained in the indictment, access between the shore line of Baltimore City and the pavilion of this defendant, was by means of a float tied with ropes at one end to the pier on which the pavilion is built and at the other end tied by a rope to a bulkhead on the

shore line of Baltimore City; there being no physical connection whatever between the soil and the said float other than that the float was tied at both ends to keep it in position with ropes; the float resting upon the surface of the waters and wholly within the corporate limits of Baltimore county.

The controlling, and indeed the only question which the record presents, arises on the demurrer and it is this. Is the pavilion described in the pleas, the place where the liquor is alleged to have been sold, situate within the limits of Baltimore City, or in Baltimore county.

The statute provides that the license for the sale of liquor shall be obtained in the city or county, where the place is located, and it is admitted that the appellant in this case secured a license from the proper authorities of Baltimore county, but did not have a license from Baltimore City.

The pavilion is described by the plea, as a structure built on wooden piles in the main branch of the Patapsco River. The piles are driven in the soil and the whole pier is located in the navigable waters of the river. The length of the wharf or pier front is about 100 feet, with a width of about 50 feet. It is situate to the east of the Baltimore City end of the Light street bridge about 50 or 60 feet south from the north shore of the main branch of the Patapsco River.

The entire pier or pavilion is between the Baltimore City shore line and the middle of the stream.

It has been located in its present position for at least twenty-five years and access to it is had by a movable float or scow, one end of which is tied by a rope to the pavilion and the other end to a stake or bulkhead on the shore.

The Act of 1816, Chapter 209, defines and fixes the boundaries of the City of Baltimore, and it is conceded that the pier and pavilion is constructed and located in the main branch of the Patapsco River, outside of and beyond the limits of the city. *Raab* v. *State,* 7 Md. 483; Act of 1816, Chapter 209; *W. Md. T. R. R. Co.* v. *Balto. City,* 106 Md. 562.

But it is contended upon the part of the State, that a structure built as the one described in the pleas, and to which access is gained by means of a float or boat attached to the bulkhead on the shore of the city, is within the limits of the city, within the meaning of the law requiring persons who sell liquor to obtain a license from the city, within which the place is located, and the float or boat attached to the shore is an. extension of the city limits for purposes of jurisdiction.

It is now well settled that the boundaries of a municipality, bordering on navigable waters, may be extended for purposes of jurisdiction, by the building of wharves, piers or structures, permanently filled in with earth, and extending into the water, or it may be extended by natural accretions or gain of soil by alluvion, or the filling out from the shore and reclaiming the land from the inundation of the water. *Giraud* v. *Hughes,* 1 G. & J. 249; *Hess* v. *Muir,* 65 Md. 603; *Casey* v. *Inloes,* 1 Gill, 430; *Linthicum* v. *Coan,* 64 Md. 453; *Goodsell* v. *Lawson,* 42 Md. 373; *Tome Institute* v. *Crothers,* 87 Md. 584. '

The cases just cited are fully reviewed by CHIEF JUDGE BOYD in *W. Md. Tidewater R. R. Co.* v. *Baltimore City,* 106 Md. 561, and where this Court held, that the jurisdiction of ·Baltimore City was extended over piers constructed and located as the piers in that case were, for the purposes of taxation, police and fire protection. In that case however the piers were constructed and projected out from the bulkhead line, into the water to the pierhead line, and were held to be permanent structures and a projection of the land, for the purposes of jurisdiction.

In the case at bar, the pier on which the pavilion is located is in the main branch of the Patapsco River, and at least 50 to 60 feet from the Baltimore City line. There is no permanent connection whatever between it and the main land; and it is difficult to see upon what legal principle a floating scow or boat such as is described in the plea in this case, can extend the corporate limits of Baltimore City. The

movable float or boat is not of a permanent nature, nor permanently affixed or attached to the soil, and in no sense a permanent structure such as were the piers in the *Western Maryland Case, supra.*

According to the pleas, the movable float is fastened by a rope at one end to the pier, and at the other end by a rope to the bulkhead built on the shore; that it is not attached to the soil, but is a movable boat or raft, and is moved from time to time affording no connection whatever when so moved between Baltimore and the pavilion, but is supported by and floating on the water and wholly within the corporate limits of Baltimore county.

The second plea alleges that the two floats are tied one to the pavilion and the other to a stake on the shore, and each floating upon the surface of the water and access from one to the other being by loose boards, there being no physical connection between the soil and the float, and they were tied at both ends with ropes to keep them in position; the float resting upon the surface of the water and within the limits of Baltimore county.

It will be thus seen from the averment of the plea that the pavilion and pier have no permanent connection with the corporate limits of Baltimore City; and there is no permanent means of access between it and the main land.

It is located in navigable waters, and can be reached by boats, and the floating scow.

We have been referred to no case where the jurisdiction of a municipality, has been extended upon facts similar to those in this case, or that would sustain the appellee's contention on this record.

On the contrary, the Courts here and in other jurisdictions have held, that floating piers, and floating vessels fastened to the docks would not extend the limits or line of jurisdiction of towns and cities, and they distinguish between a floating pier and an immovable one. *The Haxby,* 94 Fed. Rep. 1016; *Howard* v. *Skinner,* 87 Md. 556; 22 *Am. & Eng.*

*Ency. of Law* 812; *West. Md. T. R. Co.* v. *Balto.,* 106 Md. 570.; *Stryker* v. *New York,* 19 Johnson 179; *North Carolina* v. *Eason,* 23 L. R. A. 520.

The cases upon the subject will be found fully collected and cited in a note, in the *North Carolina Case, supra,* and we need not review them here.

. The cases all hold, that the improvement or structure, to extend the jurisdiction must be of a fixed nature, extending out from the soil and land, and in the nature of a permanent structure, such as wharves, piers, warehouses, or the filling out from the shore and reclaiming the land from the inundation of the water.

. The pier or pavilion in this case, clearly does not answer any of these requirements, and for this reason, can not be held, to extend the jurisdiction of Baltimore City for the purposes claimed by the State.

We think the plea distinctly shows that the pier or pavilion is located in Baltimore county and not in the corporate limits of Baltimore City.

The State's demurrer to the pleas should have been overruled, and the traverser's pleas to the jurisdiction should have been sustained.

It follows, that the judgment must be reversed and the cause remanded.

*Judgment reversed and cause remanded.*