## MINNEAPOLIS REAL ESTATE BOARD AND ANOTHER v. CITY OF MINNEAPOLIS AND OTHERS.[1]

### April 23, 1920.

### No. 21,877.

**Municipal bonds for cost of bridges — title of act sufficient.**
1. The subject matter of chapter 6, Laws 1919, is sufficiently expressed in the title of the act and the statute is valid and constitutional.

**Municipal limits of Minneapolis include lakes.**
2. All lakes or parts of lakes wholly or partly within the territory comprising the city of Minneapolis, as defined and set off by chapter 10, p. 426, Sp. Laws 1887, to the extent within the same, are embraced in the municipal limits, and subject to the authority and jurisdiction of the city, the shores thereof not being made the municipal boundary line.

**Lake Nokomis within the act.**
3. Lake Nokomis is so situated, being partly within and partly without the city, and the construction of a bridge over and across the same by the city is within the authority conferred by chapter 6, Laws 1919.

Action in the district court for Hennepin county against defendant city and its officers to restrain the construction of a certain bridge.

[1] Reported in 177 N. W. 494.

Among other matters the answer alleged that by Laws 1919, chapter 6, the legislature authorized the city, by a two-thirds vote of all the members of the city council, to issue municipal bonds of the city to the amount of $100,000, for the purpose of defraying the cost of constructing new bridges over and across any lake wholly or partly within the limits of the city, and reconstructing, replacing and repairing old bridges over and across such lake; that the act was approved January 30, 1919; that on June 6, 1919, the city council of defendant city, pursuant to the act of the legislature and by a vote of more than two-thirds of all its members duly passed a resolution authorizing the issuance and sale of the bonds for the purpose of constructing a new bridge over this lake, and the resolution was duly approved by the mayor and published in the official paper of the city, and the bonds were duly issued and sold. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*Roberts & Strong,* for appellants.

*C. D. Gould,* City Attorney, and *William H. Morse,* Assistant City Attorney, for respondents.


BROWN, C. J.

Action to restrain and enjoin the construction of a bridge on Cedar avenue in the city of Minneapolis as it extends over an arm of Lake Nokomis, a body of water partly within and partly without the boundaries of the city, in which defendant had judgment and plaintiffs appealed.

It appears from the findings of the trial court that the proposed bridge is designed to take the place of one theretofore constructed by the city, which is worn out and unsafe for use. The proceedings for the new bridge are being had under and pursuant to the authority conferred by chapter 6, p. 9, Laws 1919, the constitutionality of which is challenged by the action. Plaintiffs claim that the statute is invalid for the reasons: (1) That the title of the act is defective and insufficient, and not a compliance with section 27 of article 4 of the Constitution; and (2) that no part of the lake over which it is proposed to

construct the bridge is within the municipal limits of the city, therefore, that the structure does not come within the provisions of the act.

1. The title to the act is:

"An act authorizing cities of Minnesota of over 50,000 inhabitants to issue and sell municipal bonds for certain public purposes."

The body of the act among other things provides that any city of the class stated in the title, not governed by a home rule charter, in addition to all other powers now possessed by it:

"Is hereby authorized and empowered * * * to issue and sell municipal bonds of the city * * * to the amount of $100,000 for the purpose of defraying the cost of constructing new bridges over and across any lake wholly or partly within the limits of such city, and reconstructing, replacing and repairing old bridges over and across any such lake."

The argument in support of the contention that the title to the act is defective and insufficient is that under its charter the city of Minneapolis has no authority to expend money in the construction or repair of bridges over lakes or streams not wholly within the corporate limits, therefore that the title of the act is bad, for that it does not suggest a purpose to enlarge or extend the municipal powers in that respect. The contention is not sound. The act was not designed or intended for Minneapolis only, but for all cities of the class stated in the title, then or thereafter to come within the same. The purpose was not to extend or enlarge existing charter powers, but to confer a general authority to raise and expend money for the purpose stated in the body of the act. The occasion for the enactment is found in the fact that the particular municipalities were without specific authority in the premises, and the necessity thereof is found in the further fact that the legislature was without authority to enlarge or extend the existing charter powers of the cities to which the act applies. Alexander v. City of Duluth, 57 Minn. 47, 58 N. W. 866; 1 Dunnell, Minn. Dig. § 1685. A general act, therefore, under a general title, was the only method by which the relief, or authority, could be granted to or conferred upon the cities affected. The title is sufficient. That the legislature may grant such general authority without attempting to amend or extend existing charter authority is clear.

2. The second contention is that the lake over which it is proposed

to construct the bridge is neither wholly nor partly within the city, therefore, that the statute is inapplicable and furnishes no authority or justification for the proposed improvement. The point is not sustained, and does not require extended attention. The boundaries of the city of Minneapolis, as defined and established by chapter 10, p. 426, Sp. Laws 1887, include sections 13 and 14, township 28, range 24, the south line thereof being the southern boundary of the city. The greater part of the lake in question lies within those two sections; the remaining part, probably less than one-fourth of the lake area, extends a short distance beyond the south city boundary line, and the bridge when constructed will pass over this projection from a point within to a point beyond the city limits.

In support of the contention that no part of the lake is within the city, plaintiff invokes the rule, one of general application, that when a municipal corporation is bounded by a watercourse or navigable lake, its territorial limits extend only to low water mark, and do not include the land covered by the lake or stream. There is authority for the rule, 19 R. C. L. 699; Treuth v. State, 120 Md. 257, 87 Atl. 663, 47 L.R.A.(N.S.) 1161, but it can have no application to the facts here presented. The lake here involved is not made the boundary of the city, for the statute defining the same makes no reference thereto nor to its shore line. The particular sections of land upon which the lake rests are included within the city, and the lines thereof necessarily must be taken as the municipal limits. The rule invoked therefore does not apply. Nor can the grant of the charter to the city, thereby creating and establishing the municipality, be construed as a grant or conveyance of the land embraced within its borders, thus to render applicable the law of riparian rights. In creating and establishing the city the legislature simply set apart the particularly described territory as the district within which the municipality should confine its activities and its municipal affairs should be administered. Thus its jurisdiction was extended over the whole of the described district, which necessarily must include all lakes or streams so far as within the same. Any other rule would exclude practically all lakes of the state from the jurisdic-

tion of either city or county, for the boundaries of each, with perhaps a few exceptions, are designated in the same general way.

Order affirmed.